JOSEPH F. CREEDON

*vs.*

INHABITANTS OF THE TOWN OF KITTERY.

York.   Opinion December 19, 1918.

*Actions on account of defective ways.   History of law governing notice in such cases. General rule to be applied in determining the sufficiency of such notice.   General purpose of notice.   Necessary description as to injuries to person. Rule as to description where claim is made for injuries to property.*

Action to recover for personal injuries sustained by the plaintiff, and for damages done to his automobile, by reason of an alleged defective road or way, which by law defendant town was obliged to repair.   The defendants claim that the notice required by R. S., Chap. 24, Sec. 92, was deficient.   The case comes to us upon the question of the notice, with a stipulation that if the notice is sufficient the case shall stand for trial, otherwise plaintiff to become non-suit.

*Held:*

1. Notices in this class of cases are not to be very strictly construed.   The main object of the notice is that a town may have an early opportunity of investigating the cause of an injury and the condition of the person injured before changes may occur essentially affecting such proof of the facts as may be desirable for

the town to possess; and a minor purpose of such notice would be perhaps that the town should have a favorable chance to settle the claim before being sued for it should they see fit to do so.

2.  That the notice sufficiently specifies the nature and the location of the defect that caused the injury.

3.  That the notice sufficiently specifies the nature of the plaintiff's bodily injuries.

4.  That while in actions of this kind the notice must specify the nature of his bodily injuries, yet the statute does not require such specification as to the damage to personal property.

5.  The notice is sufficient with reference to the nature of the damages to personal property in the case at bar.

Action on the case to recover damages for injuries sustained through and on account of a defective highway or bridge. Question was raised as to the sufficiency of the statutory notice, and by agreement of parties the question of the sufficiency of the notice was submitted to the Law Court with certain stipulations and agreements. Judgment in accordance with opinion.

Case stated in opinion.

*Page, Bartlett & Mitchell, Arthur R. Sewall, and Hiram Willard,* for plaintiff.

*Aaron B. Cole, and Emery & Waterhouse,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

PHILBROOK, J.   This is an action to recover for personal injuries sustained by the plaintiff, and damages done to his automobile, by reason of an alleged defective road or way which, by law, the defendant town was obliged to repair. The right of action is given solely by statute, R. S., Chap. 24, Sec. 92, and as a prerequisite to bringing such action it is provided that "any person who sustains injury or damage, as aforesaid, or some person in his behalf, shall within fourteen days thereafter notify one. . . . of the municipal officers of such town, by letter or otherwise, in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury." The injury occurred July 11th, 1917, and on July 24th, 1917, by his counsel, the plaintiff served the following notice on the municipal officers of the defendant town.

"'To the Board of the Selectmen of the Town of Kittery, in the County of York and State of Maine and to the County Commissioners of said County of York.

You are hereby notified that Joseph F. Creedon of Laconia, N. H., on the 11th day of July, 1917, was injured while attempting to drive his automobile across the Spruce Creek bridge in said Kittery on the highway leading from York to Portsmouth and that he claims damages against the said Town in the sum of Five Thousand Dollars ($5000). The cause of his injuries was the careless, dangerous and negligently manner in which the Selectmen were repairing the bridge, aforesaid and their failure to warn him of the dangerous condition of the said bridge. The bridge at the time of the accident was being repaired by the Selectmen by planking lengthwise over the old planking of the bridge, and only one-half of the width of the bridge had been newly planked, thus leaving the easterly half of the bridge two or three inches higher than the westerly half, while at the end of the bridge toward York the old planking was four inches higher than the road-bed of the highway on the west side of the bridge and five or six inches higher than the bed of the highway on the east side of the bridge. No warning of this condition was posted and when the automobile struck the planking of the bridge, the steering-gear was wrenched from his control and the automobile with its occupants ran over the side of the bridge and fell into Spruce Creek, whereby the said Joseph F. Creedon was nearly drowned, suffered a severe nervous shock and internal injuries and was greatly bruised and otherwise damaged and his automobile was badly wrecked and injured.

Dated at Portsmouth, N. H., this twenty-fourth day of July, 1917."

The defendant town challenges the sufficiency of this notice. By agreed statement, the parties appear before us with the stipulation that if this tribunal determines that the notice is sufficient the case is to stand for trial, otherwise the plaintiff is to be nonsuited.

Prior to the enactment of Chap. 215, Public Laws, 1874, although the statutory right of action against towns for injuries sustained by reason of defective ways then existed, no notice like the one under consideration was required. The legislature of that year added the provision that "any person who sustains any injury or damage as aforesaid, shall notify the . . . . municipal officers of such town . . . . within sixty days thereafter, by letter or other-

wise, setting forth his claim for damages, and specifying the nature of his injuries." From the quotation of the existing statute first above given it will be observed that this requirement of notice has obtained until the present day, although the time in which it must be given has been abbreviated, the method has been strictly confined to writing, and the requirement has been added of specifying the "nature and location of the defect which caused the injury."

Since the passage of the act first requiring notice, at least one score and ten times this court has been required to pass upon its purpose and announce the spirit in which it should be construed.

Kind, degree, and causes of injury, or damage, arising from accidents upon defective ways, in the very nature of things, present so many different instances and circumstances, that it will readily occur to one possessing even ordinary powers of observation and reflection how difficult, if not well-nigh impossible it would be to establish a hard and fast rule, or precedent, as to form of notice required by the statute in this class of cases. In the very early judicial interpretation put upon such notice, *Blackington* v. *Rockland*, 66 Maine, 332, our court said "Notices, in this class of cases, are not to be very strictly construed. They will often be given directly by the persons concerned, and without the aid and intervention of counsel; and the statute should not be so narrowly interpreted that they cannot ordinarily be given by such persons with safety to themselves, and at the same time be sufficient to protect the interests of the town. In many cases, too, the persons injured will not be able, at so early a date as required by the statute," then sixty days but now only fourteen, "to define the precise nature or estimate accurately the probable extent of the injury received. The main object of a notice is, that the town may have an early opportunity of investigating the cause of an injury and the condition of the person injured, before changes may occur essentially affecting such proof of the facts as may be desirable for the town to possess; and a minor purpose of a notice would be, perhaps, that the town should have a favorable chance to settle a claim before being sued for it, should they see fit to do so. In this view, we think a notice is sufficient, which describes the facts substantially and in general terms, so that thereby a town may have statements and intimations that would be likely to lead them, acting reasonably, into such inquiry and investigation as would result in

their acquiring a full knowledge of the facts of the case." This early rule, promulgated in eighteen hundred seventy-six, two years after the legislative requirement of notice, was again recognized that same year in *Sawyer* v. *Naples*, 86 Maine, 453, in these words: "The object of the notice is to enable the town seasonably to investigate claims for injury before the proof of the facts shall become unattainable from lapse of time or loss of life or memory. It is for the benefit of the town. Notifying the town of an injury received enables its officers to proceed to ascertain the facts and contest or settle with the party claiming damages as they may deem expedient." The same rule as to the object of the notice is stated in *Low* v. *Windham*, 75 Maine, 113, in *Kaherl* v. *Rockport*, 87 Maine, 527, in *Chase* v. *Surry*, 88 Maine, 468, in *Marcotte* v. *Lewiston*, 94 Maine, 233, in *Joy* v. *York*, 99 Maine, 237, where it is also re-affirmed that the notice is not to be very strictly construed, in *Spear* v. *Westbrook*, 104 Maine, 496, where the court said "This statutory requirement of the fourteen days notice has never been construed to impose upon the sufferer any unreasonable or burdensome duty," and in *Beverage* v. *Rockport*, 106 Maine, 223, where the court declared that "In view of the limited time within which these notices must be served, and the fact that they are often necessarily prepared without the aid of a professional draftsman, their construction should not be strangled by technicalities, nor distorted by captious criticism, but full effect should be given to their natural and obvious meaning."

Thus it will be seen that this court has consistently maintained an interpretation of the object and requirements of the notice under discussion, which has been fair and protective to municipalities, but at the same time favorable and equitable to parties suffering injuries to their persons or damages to their property through defective ways which municipalities, by law, were bound to keep in repair.

Guided by this rule of interpretation we will consider the objections raised by the defendant town in the case at bar.

First that the notice does not specify the nature and location of the defect that caused the injury. In this respect the notice is quite specific. It declares that the nature of the defect was the faulty condition of the planking of a certain bridge, and the difference in height of the old and new planking; while as to location it declares not only that the defect was on this certain bridge but specifies the end of the

bridge which was more defective. In *Chapman* v. *Nobleboro*, 76 Maine, 427, cited by the defendant town, the court held that a location was sufficiently described by the words "about sixty to eighty rods northerly" of a given point, and adds that "the generality of the distance mentioned puts the officers upon their guard and it can be no hardship for them to examine the road, the distance required, for the defect so fully described as readily to be recognized when seen." In *Kaherl* v. *Rockport*, supra, also cited by the defendant, the court held a notice to be precise, definite and sufficient which said "a defect and want of repair in the sidewalk of a highway known as Commercial Street, at a point in said highway nearly abreast" a certain factory; and added further, "The defect and want of repair through which said injuries were occasioned, consisted of deep depression of the sidewalk at the termination of the planking on that evening." In that case, however, the court was obliged to nonsuit the plaintiff on another ground, namely, that in truth and in fact the defect was not at the place indicated by the notice but at a point some distance therefrom. See also *Hignett* v. *Norridgewock*, 105 Maine, 189, *Beverage* v. *Rockport*, 106 Maine, 223, and *York* v. *Athens*, 99 Maine, 82.

Second, that the notice does not specify the nature of the plaintiff's bodily injuries. Upon this objection the defendant town places much emphasis and relies with much confidence. It must be admitted that the question presented is a close one, but we think it may be properly answered in favor of the plaintiff. The law is well settled that one of the conditions precedent to a recovery, in an action like this, is the giving of a written notice specifying the nature of the injuries. It is not enough for the plaintiff, in his notice, to merely say that he has been injured. *Low* v. *Windham*, supra, nor that he has received severe bodily injuries, *Goodwin* v. *Gardiner*, 84 Maine, 278; he must specify the nature of his injuries. The very full and admirable discussion of this point in *Joy* v. *York*, supra, makes further citation unnecessary. In the case at bar the plaintiff gives notice that he "was thrown into the water under said bridge, and was nearly drowned, and was greatly injured both externally and internally, and suffered great mental and physical pain and anguish, and received a severe and nervous shock, and was greatly bruised and otherwise damaged." In most cases the injuries received in a struggle to preserve life from drowning would have no attribute of locality on the body or limbs,

such as many of the decided cases have demanded; *Spear* v. *Westbrook*, supra; *Goodwin* v. *Gardiner*, supra; while it may in fact describe "the nature of the injury with sufficient particularity to enable the town to inquire into and ascertain the true condition of the sufferer;" see *Joy* v. *York*, supra, wherein the court has also well said "If he can do no more, he can state the apparent physical condition caused by the injury, and this he may do by comprehensive terms."

The third and last objection presented is that the notice does not specify the nature of the injuries and damages to his personal property.   Here we must turn to the statute and carefully examine its provisions.   Right of recovery is given to anyone who "receives any bodily injury, or suffers damage in his property."   Two distinct and different things are provided for.   When the recovery sought is for bodily injuries it is later provided that his notice must specify the nature of those injuries.   Not so as to damage to personal property. The reason for the difference readily occurs to the thinking mind. The frequent tendency to depend upon subjective symptoms, and to exaggerate injuries to the person were well known to the legislature. A man may be able to practice an imposition as to his own personal injury, but would find it difficult to do so in respect to damage to his personal property.   *Joy* v. *York*, supra.   Subjective symptoms may greatly overstate an injury like a sprain.   A broken spring or windshield of an automobile speaks for itself.   It tells the truth and cannot exaggerate.   The party suffering damage to personal property must make claim for damage, but he is not required in his statutory notice to the town, to specify the nature of the damages to that personal property.

After a careful consideration of all the objections to the notice, urged by the defendant, we are constrained to declare that it is sufficient for the requirements of the statute in this case and the mandate must be,

*Case to stand for trial.*